# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

THEDROW L. BROWN                                                                                    PLAINTIFF
ADC #145215

V.                                       NO: 4:10CV00105 SWW/HDY

KARL BYRD *et al.*                                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently held at the Arkansas Department of Correction's Grimes Unit, filed a *pro se* complaint on February 16, 2010, alleging generally that the conditions in which he was held at the Faulkner County Detention Center were unsafe and unsanitary.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

In his original complaint, Plaintiff alleged specific detention center deficiencies such as broken water pipes, wet floors, mildew, spider problems, staph infections, and insufficient access to sinks.  Although Plaintiff asserts that the problems affected other inmates, he failed to identify any harm he himself sustained as a result of the objectionable conditions.  Therefore, on February 26, 2010, Plaintiff was directed to file an amended complaint which described how long he was held in the objectionable conditions, the specific harm he sustained because of the conditions, and the reason he believes each Defendant is responsible for the conditions (docket entry #7).

On March 29, 2010, Plaintiff filed an amended complaint[1] (docket entry #11), indicating that he was held for less than four months in the objectionable conditions, and asserting that he suffered "mental stress" and was placed "in harms way everyday."  Although Plaintiff may have been placed at risk, it is clear from the allegations in his amended complaint that he did not suffer any physical

---

[1] Plaintiff mailed his amended complaint before the Court entered an order reminding him of his need to file such a complaint and granting him additional time in which to do so (docket entry #9).  As the amended complaint has now been filed, further amendment is not required, and Plaintiff need not respond to that order.

injury as a result of the conditions.[2] Without a physical injury, Plaintiff's mental stress is not actionable. *See* 42 U.S.C. § 1997e(e).[3] Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this  1  day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] It is important to note that Plaintiff is no longer held at the Faulkner County Detention Center.

[3] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id*.